UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DEBRA COLLAZO,

Plaintiff,

v.

AETNA LIFE INSURANCE COMPANY,

Defendant.
_____________________________________)

**COMPLAINT**

The Plaintiff, DEBRA COLLAZO ("COLLAZO"), by and through her undersigned counsel, hereby sues AETNA LIFE INSURANCE COMPANY ("AETNA"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. COLLAZO brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2. COLLAZO was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. AETNA is a corporation with its principal place of business in the State of Connecticut, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant,

AETNA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to COLLAZO by AETNA.

6. COLLAZO was at all times material an employee of Envision Healthcare Corporation.

7. COLLAZO was at all times material a plan participant under the Envision Healthcare Corporation long-term Disability Plan, Group Control No. 0865215 (the "LTD Plan") which is established by Envision Healthcare Corporation and pursuant to which COLLAZO is entitled to benefits.

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. AETNA is the insurer of benefits under the LTD Plan and was appointed by Envision Healthcare Corporation, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payor of plan benefits, AETNA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, AETNA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, COLLAZO is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Test of Disability** *(GR-9N 06-010 02)*
> From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:

- You cannot perform the **material duties** of your **own occupation** solely because of an **illness**, **injury** or
- disabling pregnancy-related condition; and Your earnings are 80% or less of your **adjusted predisability earnings**

**After the first 24 months of your disability** that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any **reasonable occupation** solely because of an **illness**, **injury** or disabling pregnancy-related condition.

13. Since approximately April 17, 2014, COLLAZO has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, COLLAZO made a claim to AETNA under the LTD Plan for disability benefits.

15. Without reasonable basis, AETNA, in a letter dated February 2, 2015, denied COLLAZO'S claim.

16. COLLAZO properly appealed AETNA'S February 2, 2015 adverse determination.

17. In a letter dated September 14, 2015, AETNA affirmed its adverse determination and advised COLLAZO that its decision was final and not subject to further review.

18. At all relevant times, COLLAZO complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

19. At all relevant times, COLLAZO has been unable to perform the material duties of her own occupation solely because of an illness, injury or disabling pregnancy-related condition.

20. At all relevant times, COLLAZO's earnings have been 80% or less of her adjusted pre-disability earnings as defined in the LTD Plan.

21. At all relevant times, COLLAZO has been and is under the regular care of a physician.

22. At all relevant times, COLLAZO was a Covered Person under the LTD Plan.

23. From April 17, 2014 to the present date, COLLAZO has not received benefits owed to her under the LTD Plan, despite COLLAZO'S right to these benefits.

24. AETNA has refused to pay COLLAZO'S LTD benefits.

25. At all relevant times, AETNA was the payor of benefits.

26. At all relevant times, AETNA was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, AETNA was appointed by Envision Healthcare Corporation, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, COLLAZO has been and remains Disabled and entitled to LTD benefits from AETNA under the terms of the LTD Plan.

29. COLLAZO has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30. COLLAZO incorporates Paragraphs 1 through 29 as if fully set forth herein.

31. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32. Pursuant to 29 U.S.C. §1132(a)(1)(B), COLLAZO, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33. COLLAZO has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of AETNA'S failure to pay her disability benefits.

34. COLLAZO has exhausted all administrative remedies under the LTD Plan.

35. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to COLLAZO at a time when AETNA knew, or should have known, that COLLAZO was entitled to those benefits under the terms of the LTD Plan, as COLLAZO was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of COLLAZO'S claim for LTD benefits;

(c) After COLLAZO'S claim was denied in whole or in part, AETNA failed to adequately describe to COLLAZO any additional material or information necessary for COLLAZO to perfect her claim along with an explanation of why such material is or was necessary.

(d) AETNA failed to properly and adequately investigate the merits of COLLAZO'S disability claim and failed to provide a full and fair review of COLLAZO'S claim.

36. COLLAZO believes and thereon alleges that AETNA wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which COLLAZO is presently unaware, but which may be discovered in this future litigation and which COLLAZO will immediately make AETNA aware of once said acts or omissions are discovered by COLLAZO.

37. Following the denial of benefits under the LTD Plan, COLLAZO exhausted all administrative remedies required under ERISA, and COLLAZO has performed all duties and obligations on her part to be performed under the LTD Plan.

38. As a proximate result of the aforementioned wrongful conduct of AETNA, AETNA has

damages for loss of disability benefits in a total sum to be shown at the time of trial.

39. As a further direct and proximate result of this improper determination regarding COLLAZO'S claim for benefits, COLLAZO, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), COLLAZO is entitled to have such fees and costs paid by AETNA.

40. The wrongful conduct of AETNA has created uncertainty where none should exist; therefore, COLLAZO is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, DEBRA COLLAZO prays for relief against AETNA LIFE INSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;
2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;
3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;
4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;
5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and
6. Such other and further relief as this Court deems just and proper.

DATED: March 4, 2016

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
Phone: (954) 620-8300
Fax: (954) 922-6864

__/s/ *Rachel Alters*________
Rachel Alters, ESQUIRE
Florida Bar No.: 106232
Email: Rachel@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No.: 299560
Email: gdell@diattorney.com